IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ELENA CREEKMORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-CV-091-CVE-PJC |
| ) | |
| POMEROY IT SOLUTIONS, INC., ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Pomeroy IT Solutions, Inc,'s (Pomeroy) Rule 56(f) Motion in Response to Plaintiff's Motion for Summary Judgment [Dkt. No. 19]. For the reasons set forth below, the motion is **DENIED**.

This case alleges a willful violation of the Oklahoma Standards for Workplace Drug and Alcohol Testing Act, 40 Okla. Stat. Ann. § 551 *et seq.* (the "Oklahoma Act"). According to the Court's Scheduling Order, discovery is to be concluded by September 30, 2010, and dispositive motions are to be filed by November 4, 2010. [Dkt. No. 14].

On July 14, 2010, Plaintiff filed a Motion for Partial Summary Judgment seeking judgment on the issue of liability. Plaintiff contends that Pomeroy fired her for testing positive for the drug Phenobarbital, but that the Oklahoma Act does not permit testing for Phenobarbital. Thus, Plaintiff argues, judgment as to liability is appropriate.

Under the Rules of Civil Procedure Pomeroy's response to this motion was due on August 4, 2010. Fed. R. Civ. P. 56(c)(1)(B). On that date, Defendant filed the instant motion with supporting affidavit stating that the Parties have conducted only limited discovery, with no depositions, and that, therefore, the Plaintiff's motion was premature.

*Applicable Legal Standard*

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment. Rule 56(c) permits a motion for summary judgment "at any time until 30 days after the close of discovery." Thereafter, the responding party must file its response within 21 days. When a motion for summary judgment is properly made and supported:

> the opposing party may not rely merely on allegations or denials in its own pleadings; rather its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial.

Fed. R. Civ. P. 56(e)(2).

If the opposing party shows by affidavit that for specified reasons it "cannot present facts essential to justify its opposition," the court may deny the summary judgment motion, order a continuance for development of affidavits, depositions or other discovery, or issue any other just order. Fed. R. Civ. P. 56(f). The protection of Rule 56(f) is not absolute. *Been v. O.K. Indus.*, 495 F.3d 1217, 1235 (10th Cir. 2007). The non-movant must show in its affidavit why it is unable to present facts to oppose the motion. *Comm for the First Amendment v. Campbell*,

962 F.2d 1517, 1522 (10th Cir. 1992). The affidavit should identify (1) the probable facts not available, (2) why these facts are currently unavailable, (3) what steps have been taken to obtain the facts, and (4) how additional time will enable the non-movant to obtain the necessary facts and rebut the motion for summary judgment. *Id. See also, Price ex rel. Price v. Western Resources, Inc.*, 232 F.3d 779, 783 (10th Cir. 2000).

## *Discussion*

Pomeroy's has submitted the Affidavit of Faith C. Isenhath, an attorney for the company. [Dkt. No. 18-2]. In this Affidavit, Isenhath states that Pomeroy "requires additional discovery in order to fully rebut Plaintiff's arguments." [*Id.* at ¶ 3]. Isenhath states that only limited discovery has occurred and that "[I]f Pomeroy is given the chance to conduct discovery, including depositions of its witnesses and of Plaintiff, it anticipates that it will be able to present evidence to rebut Plaintiff's allegations that it willfully violated the Oklahoma Standards for Workplace Drug and Alcohol Testing Act." [*Id.* at ¶ 6]. Isenhath also states that "Pomeroy needs more time to complete important discovery in this matter according to the scheduling order set by the Court." [*Id.* at ¶ 7].

Isenhath's Affidavit is insufficient to support a Rule 56(f) motion. Nowhere does she state what facts are unavailable to Pomeroy, why these facts are not presently available, what effort has been made to obtain the facts or how additional time will solve the problem. In short, the Affidavit is nothing more

than a conclusory statement that more time is needed for undefined discovery of undefined facts.  More is required.

This case has been on file for more than six months.  Discovery will close in 30 days.  Defendant has had sufficient time to assess what discovery it needs to respond to this motion and get it done.  Accordingly, the Defendant's Motion is **DENIED**.  Defendant shall file its Response on the merits to the Motion for Partial Summary Judgment by Tuesday, September 7, 2010.

**IT IS SO ORDERED** this 31st day of August 2010.

_____
Paul J. Cleary
United States Magistrate Judge