UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ELENA CREEKMORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-CV-0091-CVE-PJC |
| | ) | |
| POMEROY IT SOLUTIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Now before the Court is Plaintiff Elena Creekmore's Motion for Partial Summary Judgment and Brief in Support (Dkt. # 16). Plaintiff asks the Court to enter partial summary judgment in her favor on the issue of liability and reserve the issue of damages for a jury trial. She argues that defendant Pomeroy IT Solutions, Inc. (Pomeroy) terminated her employment after she tested positive for phenobarbital,[1] but this is not a substance that an employer may test for under the Standards for Workplace Drug and Alcohol Testing Act, OKLA. STAT. tit. 40, §§ 551-565 (Testing Act). Pomeroy responds that it was not aware that it was prohibited from terminating plaintiff's employment under the Testing Act, and it did not willfully violate the Testing Act.

**I.**

Pomeroy provides information technology services to companies throughout the United States. McKesson Corporation (McKesson) outsourced its technology support to Pomeroy in Fall 2009, and placed certain requirements on Pomeroy when hiring employees to work for McKesson.

---

[1] Phenobarbital is an anti-convulsant medication used to control seizures and may also be prescribed to relieve anxiety or as a sleep aid. It is classified as a barbiturate and can be habit-forming. See http://www.nlm.nih.gov/medlineplus/druginfo/meds/a682007.html.

One of these requirements was that potential employees on the McKesson project pass a pre-employment drug test  Dkt. # 26, Ex. A, at 1.  McKesson required Pomeroy to test employees for amphetamines, barbiturates, cocaine, marijuana, opiates, phencyclidine, benzodiazepines, methadone, and propoxyphene.  Id.

Elena Creekmore formerly worked for McKesson until McKesson outsourced its technology support services to Pomeroy.  Creekmore applied for employment with Pomeroy and was hired for the McKesson project.  She submitted to a drug test and tested positive for phenobarbital.  Pomeroy terminated her employment on October 6, 2009, because she tested positive for phenobarbital.  However, as a matter of Oklahoma law, an employer may not take any action against an employee for the use of phenobarbital under the Testing Act.  Plaintiff filed this lawsuit alleging the Pomeroy willfully violated the Testing Act.

## II.

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993).  The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  Celotex, 477 U.S. at 317. "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"  Id. at 327.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 250. In its review, the Court construes the record in the light most favorable to the party opposing summary judgment. Garratt v. Walker, 164 F.3d 1249, 1251 (10th Cir. 1998).

### III.

Plaintiff argues that defendant's termination of her employment based on a positive test for phenobarbital constitutes a willful violation of the Testing Act, because an employer may not test employees for this substance under regulations promulgated by the Oklahoma State Department of Health (OSDOH) or take disciplinary action against an employee for the employee's use of phenobarbital. Defendant responds that it was unaware of this regulation and it was simply following McKesson's instructions to test employees for barbiturates, and there is a genuine issue of material fact as to whether it willfully violated the Testing Act.

The Testing Act was not enacted to require or encourage employers to conduct drug testing but, if an employer chooses to conduct drug testing, "drug or alcohol testing of job applicants or persons employed in [Oklahoma] shall be governed by the provisions of this act and the rules

promulgated pursuant thereto." OKLA. STAT. tit. 40, § 553. The Testing Act defines "drug" as "amphetamines, cannabinoids, cocaine, phencyclidine (PCP), hallucinogens, methaqualone, opiates, barbituates, benzodiazepines, synthetic narcotics, designer drugs, or a metabolite of any of the substances listed herein . . . ." OKLA. STAT. tit. 40, § 552(6). Under OSDOH regulation 310:638-1-5, "[a] licensed testing facility may test for any drug or class of drugs or their metabolites included in Schedule I, II, or III of the Controlled Substances Act (21 U.S.C. § 801 et seq.)." Phenobarbital is a Schedule IV substance under the Controlled Substances Act. See 21 U.S.C. § 812.

The Testing Act creates a private right of action for "[a]ny person aggrieved by a willful violation of the [Testing Act]," but the Testing Act does not expressly define the term "willful." See OKLA. STAT. tit. 40, § 563. In Estes v. ConocoPhillips Company, 184 P.3d 518 (Okla. 2008), the Oklahoma Supreme Court explained that "the term willful violation as used in [§ 563(A)] contemplates not only conscious, purposeful violations of the Testing Act, but also deliberate disregard of the law by those who know, or should have known, of the requirements of the Testing Act." Id. at 526-27. The employer, ConocoPhillips Company, had argued the term "willful" meant that "a violator had some knowledge or understanding that it [was] committing an act prohibited by the Testing Act." Id. at 525. However, the Oklahoma Supreme Court rejected this proposed standard for willful conduct, and made clear that "ignorance of the law is no excuse" for a violation of the Testing Act. Id. at 526. Permitting a defendant to plead ignorance of the requirements of the Testing Act would have virtually eliminated the civil remedy created by the Testing Act, and would have reserved a civil remedy only for the most "extreme violations." Id. ("If an employer could establish ignorance of the Testing Act, the employee would be left without a remedy, thus largely thwarting the Legislature's intent to regulate workplace drug and alcohol testing.").

The issue presented in this case is a question of law as to whether an employer that takes adverse action against an employee for testing positive for a substance not listed in Schedule I, II, or III of the Controlled Substances Act willfully violates the Testing Act. Defendant does not dispute that it terminated plaintiff's employment solely because plaintiff tested positive for phenobarbital. However, defendant argues that McKesson required it test employees for "barbiturates" and it hired a licensed testing facility to perform the drug testing, and it had no knowledge that terminating plaintiff for testing positive for phenobarbital violated the Testing Act. Dkt. # 26, at 4. Defendant acknowledges that it may have violated the Testing Act but any violation was unintentional and, thus, not willful as that term has been defined by the Oklahoma Supreme Court. Id.

The Court finds that defendant willfully violated the Testing Act by terminating plaintiff's employment following a positive test for phenobarbital. Defendant argues that a third party, McKesson, required it to conduct testing for all barbiturates and it relied on a licensed testing facility to conduct the testing properly. Although a violation of the Testing Act occurred, defendant argues that it did not know the law and was unaware that termination plaintiff's employment for a positive test for a Schedule IV substance violated the Testing Act. Id. However, ignorance of the law is not a defense to a violation of the Testing Act, and defendant may not shift the blame to third parties in an attempt to escape civil liability for unlawfully terminating plaintiff's employment. The Oklahoma Supreme Court rejected similar arguments in Estes out of a concern that allowing an employer to claim ignorance of the law would virtually eliminate the civil remedy created by the Testing Act and would permit employers to ignore the requirements of the Testing Act when conducting drug and alcohol testing. As an employer that opted to conduct drug testing, defendant

5

was required to familiarize itself with the Testing Act and conduct drug and alcohol testing in conformity with the Testing Act. This is true even if McKesson asked defendant to conduct testing for substances that were not Schedule I, II, or III substances under the Controlled Substances Act. At a minimum, defendant should have known the requirements of the Testing Act, and its conduct showed deliberate disregard for the law. Estes, 184 P.3d at 526-27. Plaintiff is entitled to partial summary judgment on the issue of liability on her civil claim under the Testing Act, and the issue of damages will be submitted to a jury.

**IT IS THEREFORE ORDERED** that Plaintiff Elena Creekmore's Motion for Partial Summary Judgment and Brief in Support (Dkt. # 16) is **granted**.

**DATED** this 16th day of September, 2010.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE